IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GREGORY KENNETH LEE, #184070 )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>PATRICE RICHIE JONES, *et al.*, )<br>)<br>  Defendants. ) | Case No. 2:21-cv-66-RAH-SMD<br>(WO) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro se* Plaintiff Gregory Kenneth Lee, an inmate currently confined in the Bullock Correctional Facility, brings this action under 42 U.S.C. § 1983. (Doc. 1). In his complaint, Plaintiff challenges the constitutionality of the medical treatment he received while incarcerated in December 2020. (Doc. 1) pp. 2–3. Plaintiff also moves to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). (Doc. 2). For the following reasons, the undersigned Magistrate Judge RECOMMENDS that Plaintiff's motion be DENIED and that this case be DISMISSED without prejudice.

A prisoner is prohibited from bringing a civil action *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Such a prisoner who is not under imminent danger of serious physical injury "must pay the full filing fee at the time he *initiates* suit." *Dupree v. Palmer*, 284 F.3d 1234,

1236 (11th Cir. 2002). The Eleventh Circuit has held that a district court should dismiss a prisoner's complaint without prejudice when the court "denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)." *Id.* (emphasis added).

Here, Plaintiff's Motion to proceed *in forma pauperis* should be denied under the three-strikes provision of § 1915(g). Plaintiff, while incarcerated or detained, has brought at least three previous actions that this Court dismissed as frivolous or malicious, or as failing to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). *See, e.g.*, *Lee v. Haley*, Civil Action No. 2:00-CV-985-MHT (M.D. Ala. 2000); *Lee v. Haley*, Civil Action No. 2:02-CV-1343-WHA (M.D. Ala. 2003); *Lee v. Holt*, Civil Action No. 2:03-CV-1055-ID (M.D. Ala. 2003). Additionally, nothing in the record indicates that Plaintiff was under imminent danger of serious physical injury when he filed his complaint. Plaintiff's Motion to proceed *in forma pauperis* should therefore be denied under 1915(g). And because Plaintiff failed to pay the requisite filing fee when he filed his complaint, this case should be dismissed without prejudice.

For these reasons, the undersigned Magistrate Judge RECOMMENDS that Plaintiff's Motion to proceed *in forma pauperis* (Doc. 2) be DENIED. The undersigned further RECOMMENDS that this case be DISMISSED without prejudice.

Additionally, it is ORDERED that the parties shall file any objections to this Recommendation on or before **February 26, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file

written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 12th day of February, 2021.

/s/ Stephen M. Doyle

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE